# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| FLOYD H. NELSON,<br><br>            Plaintiff,<br>vs.<br><br>R. STANIFER,<br><br>            Defendant. | CASE NO. 03cv1516 JM(RBB)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION; REQUESTING RESPONSE FROM PLAINTIFF ON DEFENDANT'S MOTION TO CONTINUE; DENYING MOTION FOR INMATE CORRESPONDENCE AS MOOT |
|---|---|

This order address three receipt filings of the parties: Defendant's Motion for Reconsideration; Defendant's Motion to Continue Trial Date; and Plaintiff's Motion for Inmate Witness Correspondence. Each filing is addressed in turn.

**Motion for Reconsideration**

Defendant moves for reconsideration ("Motion") of this court's January 22, 2007 Order Denying Defendant's Motion for Summary Judgment ("Order"). More specifically, Defendant requests clarification on whether Plaintiff's due process claim remains at issue because "Defendant did not believe the Due Process claim was viable given the Court's screening Order of May 14, 2004." (Motion at p.3:11-12).

In his Rule 56 motion, Defendant sought summary judgment on grounds that (1) Plaintiff could not prevail on his due process claim;[1] (2) Plaintiff failed to exhaust available administrative remedies;

---

[1] The court is puzzled by Defendant's argument in the Motion that he assumed the "Due Process claim failed to survive screening" in the May 14, 2004 order. (Motion at p.3:25). If this were the case, the court queries why Defendant would move for summary judgment on the due process claim when he assumed it had been dismissed.

1  (3) Plaintiff failed to produce any evidence in support of the retaliation claim; and (4) Defendant was
2  entitled to qualified immunity. (Motion for Reconsideration at p.2:6-12; Order at p.5:5-8).  The Order
3  denied summary judgment on all raised grounds, finding triable issues of fact with respect to these
4  issues.  With respect to merits of the due process claim, the Order noted that "Plaintiff has a due
5  process right to submit documentary evidence" and that a "disputed issue of fact prevent[ed] entry of
6  summary judgment in favor of Defendant."  (Order at p.8:7-8).

7  Reconsideration is generally appropriate "if the district court (1) is presented with newly
8  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if
9  there is an intervening change in controlling law. . . . There may also be other, highly unusual
10  circumstances warranting reconsideration."  School Dist. No. 1J, Multnomah County, Oregon v.
11  ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  Here, Defendant fails to satisfy
12  any ground for reconsideration. The Order sufficiently identifies that Plaintiff is proceeding with two
13  separate, but related, claims.  The court notes that Plaintiff's due process and retaliation claims are
14  intimately connected in that both claims place on Plaintiff the burden to show, among other things,
15  that Defendant Stanifer denied him the opportunity to submit material evidence in his defense.  In that
16  sense, the due process and retaliation claims arise from the same core set of facts.

17  In sum, the motion for reconsideration is denied.

18  **Motion to Delay Trial Date Until Plaintiff is Released from Custody**

19  Defendant moves ex parte to continue the trial until after Plaintiff is released from Pelican Bay
20  State Prison on or about October 6, 2007.  Defendant identifies that transporting Plaintiff from
21  Crescent City, California to San Diego will cause the California Department of Corrections and
22  Rehabilitation logistical problems and additional expenses. Defendant also articulates that Plaintiff
23  may prefer a continuance to permit greater access to investigators and potential witnesses.

24  The court declines to rule on the ex parte application without Plaintiff being afforded an
25  opportunity to respond to the application. The court requests a response from Plaintiff on whether he
26  desires to continue the trial until after he is released from custody on or about October 6, 2007. The
27  Court requests a written response from Plaintiff no later than March 16, 2007.
28  / / /

**Request to Communicate**

Plaintiff moves for leave to correspond with certain inmate witnesses. On or about March 5, 2007 Defendant filed a response to this motion indicating that the parties have largely resolved this issue. Defendant represents that it will facilitate correspondence with certain identified inmates. Accordingly, the court denies this motion without prejudice as moot, as it appears that Plaintiff has obtained the requested relief.

In sum, the motion for reconsideration is denied, a ruling on the motion to delay the trial is deferred until such time as Plaintiff files a response, and the motion to communicate with inmate witnesses is denied as moot.

**IT IS SO ORDERED.**

DATED: March 6, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties